UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

WB MUSIC CORP., IRISH INTELLECT, TARPO
MUSIC PUBLISHING, and NOTTING DALE
SONGS INC.,

    Plaintiffs,

v.

BLUE VELVET LOUNGE, LLC, LAWRENCE
WILLIAM SCHMOCK, and TRACY ANN
SCHMOCK,

    Defendants.

Case No. 19-CV-881

---

## COMPLAINT

---

    Plaintiffs, complaining of the Defendants by QUARLES & BRADY, LLP, their attorneys, allege:

    1.    This is a suit for copyright infringement under Title 17 of the United States Code.

    2.    This Court has jurisdiction pursuant to 28 U.S.C. § 1338(a), and venue in this District is proper pursuant to 28 U.S.C. § 1400(a).

    3.    Plaintiffs allege three (3) causes of action for copyright infringement based on the Defendants' public performances of Plaintiffs' copyrighted musical compositions. SCHEDULE A, annexed to the Complaint, sets forth in summary form the allegations hereinafter made with respect to the Plaintiffs, their copyrighted musical compositions, and Defendants' acts of infringement.

## THE PARTIES

4. The Plaintiffs named in Column 2[*] are the owners of the copyrights in the original musical compositions listed in Column 3, and are properly joined in this complaint under Rule 20 of the Federal Rules of Civil Procedure.

5. On information and belief, Defendant Blue Velvet Lounge, L.L.C. ("BVL") is a limited liability company organized under the laws of the state of Wisconsin with offices of its registered agent, Tracy Schmock, located at 5074 W. Clayton Road, Fitchburg, Wisconsin 53711.

6. At all times hereinafter mentioned, BVL did, and still does, own, control, manage, operate, and maintain a place of business for public entertainment, accommodation, amusement, and refreshment known as Blue Velvet Lounge, located at 430 West Gilman Street, Madison, Wisconsin.

7. Musical compositions were and are publicly performed at Blue Velvet Lounge.

8. On information and belief, defendant Lawrence William Schmock ("Lawrence Schmock") is an individual who resides at 5074 W. Clayton Road, Fitchburg, WI 53711 and/or does business in this District.

9. On information and belief, defendant Tracy Ann Schmock ("Tracy Schmock" and, together with BVL, and Lawrence Schmock, "Defendants") is an individual who resides at 5074 W. Clayton Road, Fitchburg, WI 53711 and/or does business in this District.

10. At all times hereinafter mentioned, Lawrence Schmock and Tracy Schmock were, and still are, members, officers, directors and/or principals of BVL.

11. At all times hereinafter mentioned, Lawrence Schmock and Tracy Schmock were, and still are, responsible for the control, management, operation and maintenance of the affairs of BVL.

12. At all times hereinafter mentioned, Defendants jointly had, and still have, the right and ability to supervise and control the activities that take place at Blue Velvet Lounge, including

---

[*] All references to "columns" herein refer to the numbered columns set forth in SCHEDULE A.

the right and ability to supervise and control the public performance of musical compositions at Blue Velvet Lounge.

13. Each Defendant derives a direct financial benefit from the public performance of musical compositions at Blue Velvet Lounge.

### FACTS SPECIFIC TO DEFENDANTS' INFRINGEMENT OF PLAINTIFFS' COPYRIGHTED MUSICAL COMPOSITIONS

14. The Plaintiffs are all members of the American Society of Composers, Authors, and Publishers ("ASCAP"), a membership association that represents, licenses, and protects the public performance rights of its more than 700,000 songwriter, composer, and music publisher members.

15. Each ASCAP member grants to ASCAP a non-exclusive right to license the performing rights in that member's copyrighted musical compositions. On behalf of its members, ASCAP licenses public performances of its members' musical works, collects license fees associated with those performances, and distributes royalties to its members, less ASCAP's operating expenses.

16. Going back several years, ASCAP representatives have made numerous attempts to contact the Defendants, or Defendants' representatives, agents, or employees, to offer an ASCAP license for Blue Velvet Lounge. ASCAP has contacted and/or attempted to contact Defendants by phone, by mail, by e-mail, and in person.

16. Defendants have refused all of ASCAP's license offers for Blue Velvet Lounge.

17. ASCAP's various communications gave Defendant notice that unlicensed performances of ASCAP's members' musical compositions at Blue Velvet Lounge constitute infringement of ASCAP's members' copyrights in their musical works.

18. Notwithstanding the foregoing, Defendants have continued to present public performances of the copyrighted musical compositions of ASCAP members at Blue Velvet Lounge, including the copyrighted works involved in this action, without permission, during the

hours that Blue Velvet Lounge is open to the public for business and presenting musical entertainment.

19. The original musical compositions listed in Column 3 were created and written by the persons named in Column 4.

20. The original musical compositions listed in Column 3 were published on the date stated in Column 5, and since the date of publication has been printed and published in strict conformity with Title 17 of the United States Code.

21. The Plaintiffs named in each cause of action, including their predecessors in interest, if any, complied in all respects with Title 17 of the United States Code, secured the exclusive rights and privileges in and to the copyright of each composition listed in Column 3, and received from the Register of Copyrights a Certificate of Registration, identified as set forth in Column 6.

22. Defendants on the dates specified in Column 7, and upon information and belief, at other times prior and subsequent thereto, infringed the copyright in each composition named in Column 3 by performing publicly the compositions at Blue Velvet Lounge, for the entertainment and amusement of the patrons attending said premises, and Defendants threaten to continue such infringing performances.

23. The public performances at Blue Velvet Lounge of the Plaintiffs' copyrighted musical compositions on the dates specified in Column 7 were unauthorized: neither Defendants, nor any of the Defendants' agents, servants or employees, nor any performer was licensed by, or otherwise received permission from any Plaintiff, or any agent, servant, or employee of any Plaintiff, to give such performances.

24. In undertaking the conduct complained of in this action, Defendants knowingly and intentionally violated Plaintiffs' rights.

25. The many unauthorized performances at Blue Velvet Lounge include the performances of the three copyrighted musical compositions upon which this action is based.

26. At the times of the acts of infringement complained of, the Plaintiff named in each cause of action was an owner of the copyright in the composition therein named.

27. The said wrongful acts of Defendants have caused and are causing great injury to the Plaintiffs, which damage cannot be accurately computed, and unless this Court restrains Defendants from the further commission of said acts, said Plaintiffs will suffer irreparable injury, for all of which the said Plaintiffs are without any adequate remedy at law.

WHEREFORE, Plaintiffs pray:

I. That Defendants and all persons acting under the direction, control, permission, or authority of Defendants be enjoined and restrained permanently from publicly performing the aforementioned compositions -- or any of them -- and from causing or permitting the said compositions to be publicly performed at Blue Velvet Lounge, or in any place owned, controlled or conducted by Defendants, and from aiding or abetting the public performance of such compositions in any such place or otherwise.

II. That Defendants be decreed to pay such statutory damages as to the Court shall appear just, as specified in 17 U.S.C. § 504(c)(1), namely, not more than Thirty Thousand Dollars ($30,000) nor less than Seven Hundred And Fifty Dollars ($750) in each cause of action herein.

III. That Defendants be decreed to pay the costs of this action and that a reasonable attorney's fee be allowed as part of the costs.

Dated at Milwaukee, Wisconsin this 28th day of October 2019.

*s/Travis E. Romero-Boeck*
Raymond D. Jamieson Bar No.: 1027076
Travis E. Romero-Boeck Bar No.: 1090953
Quarles & Brady LLP
411 East Wisconsin Avenue
Milwaukee, WI 53202-4497
Telephone: (414) 277-5000
Fax: (414) 277-3552
E-mail: raymond.jamieson@quarles.com
E-mail: travis.romero-boeck@quarles.com

ATTORNEYS FOR PLAINTIFFS